# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **DOUGLAS D. MITCHELL,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04CV00062 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

In this social security case, I remand the case to the Commissioner for further consideration.

## I. Background.

Douglas D. Mitchell filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for a period of disability and disability insurance benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2004) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review under the Act is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial

evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Mitchell applied for benefits on February 1, 2001, and his claim was denied initially and on reconsideration. On July 30, 2002, Mitchell appeared and testified at a hearing, amending his alleged onset of disability to November 21, 2000. By decision dated November 25, 2002, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Mitchell was forty-six years old at the time of the ALJ's unfavorable decision, making him a younger individual under the regulations. He received a General Equivalency Diploma and has past relevant work experience as a machine operator. (R. at 20.) Mitchell claims disability due to a broken left knee and depression. The

plaintiff has not engaged in substantial gainful employment since November 21, 2000, the alleged onset date of disability. (R. at 27.)

In determining whether Mitchell is eligible for benefits, the ALJ reviewed medical records from Columbia St. Lukes Hospital; Eduardo Plagata, M.D.; Appalachian Orthopedic Associates; Bluefield Orthopedics; Tazwell Family Physicians; Cumberland Mountain Community Services; Minaben D. Patel, M.D.; Robert C. Miller, Ed.D.; Nasreen Dar, M.D.; and Yougesh Chand, M.D.

Based upon the evidence, the ALJ determined that the plaintiff is unable to return to past relevant work, but has the residual functional capacity to perform sedentary[1] to light[2] work, as defined in the regulations. Based upon the testimony of a vocational expert ("VE"), the ALJ found that there existed a significant number of jobs in the national economy which the plaintiff could perform.

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers and small tools. Sedentary jobs require mostly sitting with occasional walking and standing to carry out job duties. 20 C.F.R. § 416.967.(a).

[2] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, one must have the ability to do substantially all of these activities. If someone can do light work, he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967.(a).

- 3 -

*III. Analysis.*

The plaintiff contends that there is not substantial evidence to support the ALJ's finding that he is capable of performing sedentary to light work. Specifically, the plaintiff argues that the ALJ erred by: (1) failing to give great weight to the opinion of Drs. Dar and Miller; (2) failing to find his anxiety disorder to be a severe impairment; and (3) failing to consider the combined effect of his impairments on his ability to sustain work activity. The plaintiff also argues that the court should remand the case for further review because of new evidence.

The plaintiff argues that the ALJ erred by failing to find his anxiety disorder to be a severe impairment. The ALJ's decision does not clearly resolve this issue. Because the plaintiff has produced evidence of an anxiety impairment, the ALJ has erred by failing to fully explain his findings.

Before a court may find that an ALJ's decision is or is not supported by substantial evidence, the ALJ's decision must analyze all the relevant evidence and sufficiently explain his findings and rationale. *See Sterling Smokeless Coal Co. v. Akers,* 131 F.3d 438, 439 (4th Cir. 1997); *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977). The court faces a difficult task in applying the substantial evidence test when the ALJ's opinion does not show that the ALJ properly considered all of the relevant evidence. *See Arnold*, 567 F.2d at 259. In fact, the

- 4 -

Fourth Circuit has held that a reviewing court essentially abdicates its duty to scrutinize the record as a whole to determine whether the conclusions reached are rational if it affirms an opinion in which the ALJ has not properly analyzed all the evidence and sufficiently explained the weight given to it. *See id.* (citing *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974)).

In this case, the ALJ determined that the plaintiff suffers from severe impairments due to knee pain and an affective disorder. (R. at 2.) However, Dr. Dar's treatment notes indicate that the plaintiff also shows symptoms of anxiety. (R. at 528, 543.) While the ALJ found some of Dr. Dar's findings to be inconsistent, the ALJ determined that the treatment notes were credible. (R. at 22 (stating "the undersigned has given [Dr. Dar's treatment notes] greater weight ").) However, the ALJ's only discussion of an anxiety impairment is in regard to Dr. Miller's findings, where the ALJ noted that Dr. Dar's treatments notes *do not* suggest a finding of anxiety, but only of depression. (R. at 23.) However, as mentioned, Dr. Dar's treatment notes do show symptoms of anxiety and would be corroborative of the evidence presented by Dr. Miller that the plaintiff has an anxiety disorder.[3] The determination by the ALJ

_____

[3] In addition, other evidence suggests that the plaintiff has an anxiety impairment. The plaintiff reported that he does not visit anyone other than his parents. (R. at 259.) Dr. Patel reported that the plaintiff seems to be having a hard time keeping up with his job and further opined that the plaintiff was reacting to lifestyle changes and having to deal with pain, depression, and anxiety. (R. at 261-62.) Moreover, Dr. Plagata diagnosed Mitchell with

- 5 -

to disregard the opinion of Dr. Miller[4] as to the plaintiff's anxiety disorder by relying on evidence of Dr. Dar, which supports Dr. Miller's determination, shows "specious inconsistencies." *See Scivally v. Sullivan*, 966 F.2d 1070, 1076-77 (7th Cir. 1992).

In short, the ALJ erred in failing to explain his determination, analyze all the evidence, and explain the weight given to it. Without a clearer explanation of the ALJ's rationale,"it is simply impossible to tell whether there was substantial evidence to support the determination." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986.) Therefore, because the plaintiff's complaints of anxiety were not properly evaluated and considered in assessing his residual functional capacity and ability to perform past work, this case must be remanded for further consideration.

In light of my decision, I need not consider the plaintiff's remaining arguments.


### IV. Conclusion.

For the foregoing reasons, the case will be remanded to the Commissioner. A separate judgement consistent with this opinion is being entered herewith.

---

anxiety and depression (R. at 120), and the record indicates the nature, limiting affects, and duration of the plaintiff's anxiety, which would be sufficient to determine residual functional capacity. Therefore, the ALJ had a duty to determine whether the plaintiff's impairment was severe. *See* 20 C.F.R. § 404.1520 (2004).

[4] The ALJ stated that "[a]lthough consulting psychologist Miller suggested . . . generalized anxiety disorder, this diagnosis is not reflected in the record of . . . Dr. Dar." (R. at 23.)

DATED: June 29, 2005

/s/ JAMES P. JONES
Chief United States District Judge